FILED BY_____D.C.

DEC 17 2014

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-80159-CR-Ryskamp/Hopkins

UNITED STATES OF AMERICA

vs.

RICHARD S. KRUGMAN,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and RICHARD S. KRUGMAN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to a one count Information, which count charges the defendant with concealed asset bankruptcy fraud, in violation of Title 18, United States Code, Section 152(1).

2. The defendant agrees to waive his right to prosecution by indictment, and agrees that the United States may proceed by Information on the charge described in paragraph 1.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying

1

in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that on the sole count of the Information the Court may impose a statutory maximum term of imprisonment of up to five years imprisonment, followed by a term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or twice the gross gain or loss from the offense whichever is greater, and may order restitution.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the

2

amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. Subject to the limitations of paragraph 8 of this agreement, this Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the

3

Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The parties agree that relevant conduct of the offense of conviction includes any and all assets which the United States can prove, by a preponderance of the evidence, were concealed by the defendant and/or his co-defendant in the case of *In Re: Krugman and Giordano*, Bankruptcy Case No. 08-22222-BKC-EPK, in the United States Bankruptcy Court for the Southern District of Florida. The parties further agree, however, that the defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction, and may remain silent in response to relevant conduct beyond the offense of conviction, in order for the United States to make the joint recommendations contained in paragraph 7. In the event the defendant falsely denies or frivolously contests relevant conduct that the Court determines to be true by a preponderance of the evidence, the United States will not be obligated to make any of the recommendations contained in paragraph 7, in accordance with Sentencing Guidelines Section 3E1.1, Application Note 1(A).

9. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

   a. Base Offense: That the base offense level pursuant to Section 2B1.1(a)(2) of the Sentencing Guidelines is 6;

   b. Loss: That the relevant amount of actual, probable or intended loss under Section 2B1.1(b)(1)(F) of the Sentencing Guidelines resulting from the offense is more than $30,000 and less than $200,000, for an increase of 4 to 10 levels;

   *[Handwritten margin note: $30,000 constitutes the value of the assets in the count of conviction. In the event the Court finds that additional assets were concealed as relevant conduct, the loss is no more than $200,000.]*

   c. Victims: That the offense involved 10 or more but less than 50 victims under Section 2B1.1(b)(2)(A)(i) of the Sentencing Guidelines, for an increase of 2 levels;

   d. Bankruptcy Fraudulent Action: That the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding under Section 2B1.1(b)(9)(B) of the Sentencing Guidelines, for an increase of 2 levels;

   e. Sophisticated Means: That the offense did not involve sophisticated means under Section 2B1.1(b)(10)(C) of the Sentencing Guidelines;

   f. Role in the Offense: That the defendant should not receive any increase as an organizer, leader, manager, and/or supervisor, pursuant to Section 3B1.1 of the Sentencing Guidelines;

   g. Abuse of Trust: That the defendant should not receive any increase for abuse of position of trust pursuant to Section 3B1.3 of the Sentencing Guidelines.

10. The parties also agree that, if the defendant decides not to plead guilty or, after pleading guilty, attempts to withdraw any plea, the statements he has made in the

*[Handwritten initials/signatures in left margin]*

5

      PROFFER OF RICHARD S. KRUGMAN can be used against him for any purpose, including as evidence in the government's case-in-chief against him in any trial. In that regard, the defendant specifically waives any rights he may otherwise have under Federal Rule of Evidence 410 and Rule 11 of the Federal Rules of Criminal Procedure. The parties agree that, as long as the defendant's statements are true, complete, and correct, any statements made are subject to the protections offered in Sentencing Guidelines Section 1B1.8 and cannot be used against him for sentencing purposes other than as contemplated by Sentencing Guidelines Section 1B1.8 or as otherwise noted within this paragraph.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

12. The defendant specifically waives and relinquishes any claim with respect to the normally applicable statute of limitations pursuant to Title 18, United States Code, Sections 3282(a) and 3284, and specifically waives and relinquishes any claim that he was deprived of due process under the Fifth Amendment to the Constitution for the United States' failure to accord him a speedy trial.

13. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 12/18/14   By: *Carolyn Bell*
CAROLYN BELL
ASSISTANT UNITED STATES ATTORNEY

Date: 9/10/2014   By: _____
MARISSEL DESCALZO, ESQ.
ATTORNEY FOR DEFENDANT

Date: 09/10/2014   By: _____
RICHARD S. KRUGMAN
DEFENDANT

8